Mr. Justice Pringle
specially concurring:
I concur in the opinion of the Court written by Mr. *339 Justice Moore. However, in view of the dissenting opinion, I would add the following comment.
The Constitution of the State of Colorado guarantees to every individual accused of a crime the right to reasonable bail. It excepts from that guarantee only those accused of a capital offense where the presumption is great or the proof is evident that such a capital offense has been committed by the person charged. See Ex parte Berry, 198 Wash. 317, 88 P. (2d) 427; Fischer v. Ball, 212 Md. 517, 129 A. (2d) 822. It is not the charge itself which justifies the denial of bail, but the fact that the proof is evident or the presumption great that the defendant has committed a capital offense. It is true that when an information is filed charging a capital offense the information itself furnishes the authority to the court to refuse to set bail in the first instance. But when the accused seeks bail and challenges the determination made by the court to deny bail on the basis of the information alone, it becomes the duty of the court to determine for itself whether the proof is evident or the presumption great. The views of Mr. Justice McWilliams would, in my opinion, abrogate the express provisions of our Constitution and permit a judge to hold without bail an accused merely because an information was filed without determining, although the accused requests it, whether the proof was evident or the presumption great that he had committed a capital offense.
In re Losasso, 15 Colo. 163, 24 Pac. 1080, 10 L.R.A. 847, when read in its entirety, in my view, clearly directs the trial court to conduct an inquiry into the question of whether the proof is evident or the presumption great that the accused has committed a capital offense when application for bail is made. My judgment in this is strengthened by the fact that the court cites with approval from Ex parte McAnally, 53 Ala. 495, which requires the court to make the inquiry and to determine whether the proof is evident or the presumption great.
I adhere to what was said in People v. Spinuzzi, 149 *340 Colo. 391, 369 P. (2d) 427, that courts should proceed with extreme caution in permitting bail in a capital case, but this in itself does not permit the court to dispense with the determination which the Constitution prescribes. As was said in In re Losasso, supra, a careful, conservative and fearless exercise of judgment by the trial court in weighing the proofs will safeguard the interests of the public while preserving to an accused those rights guaranteed to him by the Constitution of this state.